## SUPREME COURT.

DE WITT C. ELLIS agt. JAMES VAN NESS and AUSTIN HOG-
MIRE.

An order extending the time to answer or demur to a complaint, unsupported by
an affidavit of merits, or an affidavit of the attorney or counsel retained to de-
fend the action, that from the statement of the case in the action, made to him
by the defendant, he verily believes that the defendant has a good and sub-
stantial defence on the merits, &c., may be disregarded.

*Wayne Special Term, July,* 1857.

MOTION for the relief demanded in the complaint.

Before the time to answer had expired, the defendant's at-
torney procured an order from the county judge of Livingston
county extending the time to answer, which was disregarded,
and returned by the plaintiff's attorney, for the reason that the
affidavit on which it was granted, which was made by the clerk
of the plaintiff's attorney, was not accompanied by an affidavit
of merits, or an affidavit of the attorney or counsel of the de-
fendants, that from a statement of the case made to him by the
defendants, he believed the defendants had a good defence on
the merits. An answer was subsequently served after the
twenty days, and after the notice of this motion, but within the
extended time for answering allowed by the order: *whether it*
was returned or not does not appear.

JOHN M'CONVILL, *for plaintiff.*

SCOTT LORD, *for defendants.*

T. R. STRONG, Justice. Section 405 of the Code provides,
that "the time within which any proceedings in an action must
be had, after its commencement, except the time within which
an appeal must be taken, may be enlarged, upon an affidavit
showing grounds therefor, by a judge of the court; or, if the
action be in the supreme court, by a county judge. The affi-

davit, or a copy thereof, must be served with a copy of the order, or the order may be disregarded." The 20th general rule of the court is in these words:

"No order, extending the time to answer or demur to a complaint, shall be granted, unless the party applying for such order shall present to the justice or judge to whom the application shall be made, an affidavit of merits, or an affidavit of the attorney or counsel retained to defend the action, that from the statement of the case in the action, made to him by the defendant, he verily believes that the defendant has a good and substantial defence on the merits to the cause of action set forth in the complaint, or to some part thereof."

What shall constitute sufficient grounds for enlarging the time for any proceeding, is not specified in the Code; but the rule which was made under the authority of § 470 of the Code, prescribes such an affidavit as is therein mentioned, as essential to the support of such an order in the cases to which the rule applies.

The first-named section of the Code and the rule must operate together, and full effect must be given to both. Regarding them in connection, the time for any proceeding in an action may be enlarged upon an affidavit showing grounds therefor; but to sustain such an order extending the time to answer or demur, there must be, as one of the grounds, an affidavit such as is specified in the rule. Beyond the requirement of the rule, the sufficiency of the grounds presented is left to the judgment of the officer, but as to that requirement he has no discretion. The affidavit provided for by the rule must be furnished; the officer cannot dispense with it. The effect of an entire omission of an affidavit showing grounds for an enlargement of the time, &c., is expressly declared in the last clause of the section of the Code above recited; the order may be disregarded.

I think the same effect must follow where there is an entire omission of the affidavit required by the 20th rule, in the cases where it is necessary. Such an affidavit is imperatively made one of the grounds for the order, and if omitted, the provision that the order may be disregarded is, I think, applicable, in

NEW-YORK PRACTICE REPORTS. 315

In the matter, &c., of Conover agt. Devlin.

like manner as if the order had been granted without any affidavit. The requirement of the Code of an affidavit showing grounds for the order, embraces the requisite to the order provided by the rule, and cannot be satisfied without that affidavit.

If these views are correct, the plaintiff's attorney was right in disregarding the order enlarging the time to answer, and the motion for the relief demanded in the complaint must be granted, unless the defendants, within ten days after service of a copy of the order hereon, answer the complaint, and pay $10 costs of the motion, in which case the motion is denied.